AUSA: Barrington Wilkins     Telephone: (313) 226-9621
Officer: Kristopher Mead     Telephone: (313) 393-3793

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.

Laron Darnell Coleman

> Case: 2:20-mj-30040
> Assigned To : Unassigned
> Assign. Date : 1/27/2020
> Description: RE: LARON DARNELL COLEMAN (EOB)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 27, 2020__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 19, United States Code, Sections 1433(b)(2)(B) and 1436(c) | Report of arrival of vessels, vehicles, and aircraft |

This criminal complaint is based on these facts:

On or about January 22, 2020, in the Eastern District of Michigan, Southern Division, Laron Darnell Coleman, did not present a vehicle, and all persons and merchandise on board, for inspection, to a customs officer at the customs facility designated at the Detroit Ambassador Bridge; in violation of Title 19, United States Code, Sections 1433(b)(2)(B) and 1436(c).

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Kristopher Mead, Enforcement Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: January 27, 2020

_____
*Judge's signature*

City and state: Detroit, Michigan

David R. Grand, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

The affiant being duly deposed and sworn states:

1. I, Kristopher A. Mead, am an Enforcement Officer with the Department of Homeland Security, Customs and Border Protection, and have been employed with the same for over sixteen years. During my career as a law enforcement officer, I have been involved in various investigations and arrests concerning port runners, impeding inspections, and immigration checkpoints, and I have received training in these areas. This affidavit is submitted in support of a finding of probable cause and is a summary of information known to law enforcement personnel, other civilian witnesses, and me from personal knowledge.

2. Any person in charge of a vehicle who arrives at a border crossing must "present the vehicle, and all persons and merchandise (including baggage) on board for inspection . . . to the customs officer at the customs facility designated for that crossing point." 19 U.S.C. § 1433(b)(2)(B). An intentional violation of this requirement is a criminal offense punishable by a fine of no more than $2,000 and imprisonment for one year, or both. 19 U.S.C. § 1436(c).

3. On January 22, 2020, at approximately 7:40 p.m., at the border crossing point at the Detroit Ambassador Bridge in Detroit, Michigan, Customs and Border Protection Officers (CBPO) encountered a black 2010 Honda Accord bearing Ohio plate "HWX3894" arriving in lane four. This vehicle was driven by Laron

Coleman, while Tyree Shaw was a passenger. Primary Officer CBPO J. Covington was operating lane 4 and identified both individuals, obtained their declaration, and selected them for a secondary inspection. A secondary inspection typically involves a complete search of the vehicle and persons to determine if there is any undeclared merchandise or contraband that may not be permissible to enter into the United States.

4. CBPO R. Singh arrived at lane four to escort the vehicle to the secondary inspection area, pointed to a location in secondary inspection area and Coleman responded, "Where?" CBPO R. Singh pointed again toward the secondary inspection area. Instead of going to the secondary inspection area the vehicle sped up and proceeded through the toll booths towards the ramp to Interstate 75 at a high rate of speed. Vehicles at the Ambassador Bridge are referred from the primary and escorted to the secondary area. The toll booths are managed by the Ambassador Bridge Company, where travelers pay their tolls once they are released from primary or after their secondary inspection is complete. Coleman did not stop to pay the toll. CBPO R. Singh immediately advised station officers of a port runner, i.e. a vehicle that evades inspection or the command of a CBP Officer at a port-of-entry.

5. Therefore, based upon the aforementioned facts, I have probable cause to believe the defendant, Laron Coleman, did not present the vehicle, and all persons and merchandise on board, for inspection, to a customs officer at the customs facility designated for the crossing

point, in violation of Title 19 United States Code, Sections 19 U.S.C. §§ 1433(b)(2)(B) and 1436(c).

_____
Kristopher A. Mead, Enforcement Officer
U.S. Customs and Border Protection

Subscribed and sworn before me
This 27th day of January 2020

_____
David R. Grand
United States Magistrate Judge